John E. Flaherty
Ravin R. Patel
McCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Counsel for Plaintiffs Takeda GmbH,*
*AstraZeneca Pharmaceuticals LP, and*
*AstraZeneca UK Limited.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX CORP. AND APOTEX INC., <br><br> Defendants. | Civil Action No._____ |

## COMPLAINT

Plaintiffs Takeda GmbH ("Takeda"), AstraZeneca Pharmaceuticals LP and AstraZeneca UK Limited (collectively, "AstraZeneca") (Takeda and AstraZeneca, collectively, "Plaintiffs"), by its attorneys, hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Defendants Apotex Corp. and Apotex Inc.

(collectively, "Apotex"). This action relates to Abbreviated New Drug Application ("ANDA") No. 208304 filed by Apotex with the U.S. Food and Drug Administration ("FDA").

2. In ANDA No. 208304, Apotex seeks approval to market 500 mcg tablets of roflumilast, generic versions of Plaintiffs' Daliresp® drug product (the "Apotex ANDA product"), prior to expiration of U.S. Patent Nos. 8,536,206 (the "'206 patent"); 8,604,064 (the "'064 patent"); and 8,618,142 (the "'142 patent") (collectively, the "patents-in-suit").

## PARTIES

3. Takeda GmbH is a corporation organized and existing under the laws of Germany, having its principal place of business at Byk-Gulden-Strasse 2, 78467 Konstanz, Germany.

4. Plaintiff AstraZeneca Pharmaceuticals LP is a limited partnership organized under the laws of Delaware, having its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803.

5. AstraZeneca UK Limited is a company incorporated under the Laws of England and Wales, having a registered office at 2 Kingdom Street, London, England W2 6BD.

6. Plaintiffs are engaged in the business of creating, developing, and bringing to market revolutionary pharmaceutical products to help patients prevail against serious diseases, including treatments for Chronic Obstructive Pulmonary Disease ("COPD"). AstraZeneca markets and sells Daliresp® in this judicial district and throughout the United States.

7. Upon information and belief, Apotex Corp. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

8. Upon information and belief, Apotex Inc. is a corporation organized and existing under the laws of Canada, having its principal place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L IT9.

9. Upon information and belief, Apotex Corp. is a wholly-owned subsidiary of Apotex Inc.

## JURISDICTION AND VENUE

10. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

11. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

12. This Court has jurisdiction over Apotex Inc. because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met.

13. This Court also has jurisdiction over Apotex because, *inter alia*, this action arises from actions of Apotex directed toward New Jersey, and because Apotex has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with New Jersey. Upon information and belief, Apotex regularly and continuously transacts business within the State of New Jersey, including by selling pharmaceutical products in New Jersey, either on its own or through an affiliate. Upon information and belief, Apotex derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within the State of New Jersey.

14. This Court also has jurisdiction over Apotex because, *inter alia*, upon information and belief, Apotex, directly or indirectly, manufactures, imports, markets, and sells generic drugs throughout the United States and in this judicial district.

15. Apotex has previously been sued in this judicial district without objecting on the basis of lack of personal jurisdiction and has availed itself of New Jersey courts through the assertion of counterclaims in suits brought in New Jersey.

16. For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Apotex.

**PATENTS-IN-SUIT**

17. On September 17, 2013, the U.S. Patent and Trademark Office duly and legally issued the '206 patent, titled "Process For The Preparation Of Roflumilast."  A true and correct copy of the '206 patent is attached hereto as Exhibit A.  The claims of the '206 patent are valid and enforceable.  Takeda is the owner of the '206 patent and has the right to enforce it.  The expiration date of the '206 patent is March 8, 2024.

18. On December 10, 2013, the U.S. Patent and Trademark Office duly and legally issued the '064 patent, titled "Process For The Preparation Of Roflumilast."  A true and correct copy of the '064 patent is attached hereto as Exhibit B.  The claims of the '064 patent are valid and enforceable.  Takeda is the owner of the '064 patent and has the right to enforce it.  The expiration date of the '064 patent is March 8, 2024.

19. On December 31, 2013, the U.S. Patent and Trademark Office duly and legally issued the '142 patent, titled "Process For The Preparation Of Roflumilast."  A true and correct copy of the '142 patent is attached hereto as Exhibit C.  The claims of the '142 patent are valid and enforceable.  Takeda is the owner of the '142 patent and has the right to enforce it.  The expiration date of the '142 patent is March 8, 2024.

20. AstraZeneca UK Limited is the exclusive licensee of the patents-in-suit in the United States.  AstraZeneca UK Limited is also the holder of New Drug Application ("NDA") No. 022522, by which the FDA granted approval for the marketing and sale of 500 mcg strength

roflumilast tablets. AstraZeneca markets roflumilast tablets in the United States, under the trade name "Daliresp®." The FDA's official publication of approved drugs (the "Orange Book") includes Daliresp® together with the patents-in-suit. Daliresp® is approved as a treatment to reduce the risk of COPD exacerbation in patients with severe COPD associated with chronic bronchitis and a history of exacerbation. A copy of the complete prescribing information for Daliresp® approved in NDA No. 022522 is attached as Exhibit D.

21. AstraZeneca Pharmaceuticals LP is authorized by the patent licensee, AstraZeneca UK Limited, to market and distribute Daliresp® in the United States.

**INFRINGEMENT BY APOTEX**

22. By letter sent by Federal Express on April 9, 2015, Apotex notified Plaintiffs that Apotex had submitted ANDA No. 208304 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) ("the Daliresp Notice Letter"). Plaintiffs received the Daliresp Notice Letter no earlier than April 10, 2015.

23. The Daliresp Notice Letter states that Apotex seeks approval from the FDA to engage in the commercial manufacture, use, and sale of the Apotex ANDA product before the expiration of the patents-in-suit. Upon information and belief, Apotex intends to – directly or indirectly – engage in the commercial manufacture, use, and sale of the Apotex ANDA product promptly upon receiving FDA approval to do so.

24. By filing ANDA No. 208304, Apotex has necessarily represented to the FDA that the Apotex ANDA product has the same active ingredient as Daliresp®, has the same method of administration, dosage form, and strength as Daliresp®, and is bioequivalent to Daliresp®.

25. In the Daliresp Notice Letter, Apotex states that its ANDA contains a Paragraph IV certification asserting that the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of the Apotex ANDA product.

26. In the Daliresp Notice Letter, Apotex offered confidential access to portions of its ANDA No. 208304 on terms and conditions set forth in the Daliresp Notice Letter ("the Apotex Offer"). Apotex requested that Plaintiffs accept the Apotex Offer before receiving access to Apotex's ANDA No. 208304. The Apotex Offer contained unreasonable restrictions well beyond those that would apply under a protective order on who could view the ANDA. For example, the Apotex Offer contained a broad patent prosecution bar and unreasonably limited access to outside counsel only, thereby preventing outside counsel from seeking the opinion of objective experts or discussing relevant findings with Plaintiffs. The restrictions Apotex has placed on access to ANDA No. 208304 contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, *as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information*" (emphasis added).

27. This Complaint is being filed before the expiration of forty-five days from the date Plaintiffs received the Daliresp Notice Letter.

## COUNT I

### (INFRINGEMENT OF THE '206 PATENT)

28. Each of the preceding paragraphs 1 to 27 is incorporated as if fully set forth herein.

29. Apotex's submission of ANDA No. 208304 to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Apotex ANDA product for the same treatment claimed in the '206 patent prior to the expiration of the '206 patent constituted a technical act of infringement of one or more of the claims of the '206 patent under 35 U.S.C. § 271(e)(2)(A).

30. Apotex's commercial manufacture, use, offer to sell, sale, or importation of the Apotex ANDA product for the same treatment claimed in the '206 patent prior to the expiration of the '206 patent, and its inducement of and/or contribution to such conduct, would further infringe one or more claims of the '206 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

31. Upon FDA approval of Apotex's ANDA No. 208304, Apotex will infringe one or more claims of the '206 patent by making, using, offering to sell, and selling the Apotex ANDA product for the same treatment claimed in the '206 patent in the United States and/or importing said product into the United States, or by actively inducing and contributing to infringement of the '206 patent by others, under 35 U.S.C. § 271(a)-(c), unless enjoined by the Court.

32. If Apotex's marketing and sale of the Apotex ANDA product prior to expiration of the '206 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT II

### (INFRINGEMENT OF THE '064 PATENT)

33. Each of the preceding paragraphs 1 to 32 is incorporated as if fully set forth herein.

34. Apotex's submission of ANDA No. 208304 to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Apotex ANDA product for the same treatment claimed in the '064 patent prior to the expiration of the '064 patent constituted a technical act of infringement of one or more of the claims of the '064 patent under 35 U.S.C. § 271(e)(2)(A).

35. Apotex's commercial manufacture, use, offer to sell, sale, or importation of the Apotex ANDA product for the same treatment claimed in the '064 patent prior to the expiration

of the '064 patent, and its inducement of and/or contribution to such conduct, would further infringe one or more claims of the '064 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

36. Upon FDA approval of Apotex's ANDA No. 208304, Apotex will infringe one or more claims of the '064 patent by making, using, offering to sell, and selling the Apotex ANDA product for the same treatment claimed in the '064 patent in the United States and/or importing said product into the United States, or by actively inducing and contributing to infringement of the '064 patent by others, under 35 U.S.C. § 271(a)-(c), unless enjoined by the Court.

37. If Apotex's marketing and sale of the Apotex ANDA product prior to expiration of the '064 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT III
## (INFRINGEMENT OF THE '142 PATENT)

38. Each of the preceding paragraphs 1 to 37 is incorporated as if fully set forth herein.

39. Apotex's submission of ANDA No. 208304 to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Apotex ANDA product prior to the expiration of the '142 patent constituted a technical act of infringement of one or more of the claims of the '142 patent under 35 U.S.C. § 271(e)(2)(A).

40. Apotex's commercial manufacture, use, offer to sell, sale, or importation of the Apotex ANDA product prior to the expiration of the '142 patent, and its inducement of and/or contribution to such conduct, would further infringe one or more claims of the '142 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

41. Upon FDA approval of Apotex's ANDA No. 208304, Apotex will infringe one or more claims of the '142 patent by making, using, offering to sell, and selling the Apotex ANDA

product in the United States and/or importing said product into the United States, or by actively inducing and contributing to infringement of the '142 patent by others, under 35 U.S.C. § 271(a)-(c), unless enjoined by the Court.

42. If Apotex's marketing and sale of the Apotex ANDA product prior to expiration of the '142 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

1. A judgment that the claims of the patents-in-suit are not invalid, are not unenforceable, and are infringed by Apotex's submission of ANDA No. 208304, and that Apotex's making, using, offering to sell, or selling in the United States, or importing into the United States the Apotex ANDA product will infringe the patents-in-suit.

2. An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of ANDA No. 208304 shall be a date which is not earlier than the latest expiration date of the patents-in-suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

3. An order permanently enjoining Apotex, its affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States the Apotex ANDA product until after the latest expiration date of the patents-in-suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

4. Damages or other monetary relief to Plaintiffs if Apotex engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of

the Apotex ANDA product prior to the latest expiration date of the patents-in-suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

     5.     Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285.

Dated: May 14, 2015

Respectfully Submitted,

*/s/ John E. Flaherty*
John E. Flaherty
Ravin R. Patel
MCCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 639-7903

*Counsel for Takeda GmbH, AstraZeneca Pharmaceuticals LP, and AstraZeneca UK Limited*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is the subject of the following actions. This list includes the present action and the related actions, all being filed on the same day.

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. TORRENT PHARMA INC. AND TORRENT PHARMACEUTICALS LTD.*, C.A. NO. ____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. MICRO LABS USA, INC. AND MICRO LABS LTD.*, C.A. NO. ____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. ZYDUS PHARMACEUTICALS (USA) INC.*, C.A. NO. ____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. STRIDES PHARMA, INC. AND STRIDES PHARMA GLOBAL PTE LIMITED*, C.A. NO. ____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. PRINSTON PHARMACEUTICAL INC.*, C.A. NO. ____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. BRECKENRIDGE PHARMACEUTICAL INC.*, C.A. NO. ____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. CITRON PHARMA LLC AND MSN LABORATORIES PRIVATE LIMITED*, C.A. NO. ____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. MYLAN PHARMACEUTICALS INC.*, C.A. NO. ____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. HETERO USA INC., HETERO LABS LIMITED UNIT-III, AND HETERO LABS LIMITED*, C.A. NO. ____ (D.N.J);

Dated:   May 14, 2015

Respectfully Submitted,

*/s/ John E. Flaherty*
John E. Flaherty
Ravin R. Patel
MCCARTER & ENGLISH LLP

- 12 -

        Four Gateway Center
        100 Mulberry Street
        Newark, NJ 07102
        (973) 639-7903
        jflaherty@mccarter.com

*Attorneys for Takeda GmbH, AstraZeneca Pharmaceuticals LP, and AstraZeneca UK Limited*